# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**ANGELA SHOEMAKE**                                                                                   **MOVANT**

**V.**                                                                                            **NO. 1:10CR123-MPM**

**UNITED STATES OF AMERICA**                                                                      **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Angela Shoemake has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging, in part, that her trial counsel failed to properly appeal her sentence despite her request for him to do so. Having appointed Shoemake counsel and having held an evidentiary hearing where it heard testimony and received relevant evidence, the Court finds that Shoemake is entitled to an opportunity to perfect an out-of-time appeal.

### Procedural History & Relevant Facts

Angela Shoemake was indicted by a federal grand jury on seven counts of child exploitation, including charges of the use of minors to create child pornography. Doc. #1. With the assistance of her retained attorney, Steven Wallace, Angela Shoemake pleaded guilty to Count 1 of the Indictment against her (charging sexual exploitation of children by production of sexually explicit material) and Count 1 of the Information (charging transportation and distribution of child pornography) and was sentenced to a 600-month term of incarceration on April 27, 2011. Doc. #30. Days later, on May 5, 2011, Wallace electronically filed a document styled "Notice of Appeal" which read: "Notice is hereby given that ANGELA SHOEMAKE, DEFENDANT, in the above named case, UNITED STATES OF AMERICA vs. ANGELA SHOEMAKE, hereby appeal[s] to the United States Court of Appeals for the Fifth Circuit from

the Final Judg[]ment entered in this action on the 27th day of April, 2011." Doc. #31. The docket entry option selected by Wallace as he electronically filed the notice mislabeled the document as "MOTION for Leave to Appeal in Forma Pauperis." *Id*. The filing remained designated as a motion rather than a notice of appeal and was never acted upon. It was effectively lost in the Court's computer system.

On October 3, 2016, approximately 5 years and 5 months after the notice of appeal was filed, Shoemake signed the instant motion, which was docketed by this Court on October 7, 2016. *See* Doc. #32 at 1, 12. In the instant motion, Shoemake alleges that her attorney failed to an appeal on her behalf, and she requests that equitable tolling be applied to her admittedly tardy § 2255 motion. *Id*. at 10. After the Government filed a response opposing Shoemake's motion as time-barred and without merit, the Court ordered that counsel be appointed for Shoemake and an evidentiary hearing be held on the issue of when Shoemake could have discovered that her appeal was not filed with the appellate court. *See* Doc. #37.

At the evidentiary hearing, Shoemake testified that she asked Wallace to appeal her sentence at the time it was imposed, which Wallace concedes must have happened given his efforts to appeal the judgment. Shoemake stated that she wrote Wallace on one occasion in early 2012, and that she never received a response from him. She claimed that she called him several times and was never able to reach him by telephone. Shomake claimed that she never heard from Wallace after sentencing and did not learn that he had attempted to file anything on her behalf until she received "discovery" from this Court in connection with her § 2255 motion. Shoemake gave confusing testimony as to whether she thought her case was on appeal until November 2016, or whether she thought he had simply failed to file an appeal. Regardless, she stated that she filed her § 2255 motion as soon as she recognized that it was a vehicle that would allow her

2

to seek review of her sentence.

Shoemake's trial attorney testified that he had been retained by Shoemake's mother in 2010 to represent Shoemake on the charges at issue in this case, and that his representation of her was his "one foray" into the federal criminal justice system. He stated that he filed no objections to the Presentence Investigation Report, and he did not contest any of the sixteen enhancements Shoemake received at sentencing, because he saw no unresolved issues in the case. Wallace claimed that when he attempted to file the notice of appeal, he apparently, unbeknownst to him, clicked the wrong button on the electronic filing system and styled the notice of appeal incorrectly. Wallace testified that he could not state why he had not followed-up on the notice of appeal he attempted to file in this Court, but he stated that he never spoke to Shoemake after her sentencing. He claimed that he had seen her family members regularly, however, and that he did not know that Shoemake was in any way dissatisfied with his representation until he was contacted by the Government in relation to Shoemake's § 2255 motion.

At the close of testimony, the Court heard argument from the parties, at which time Shoemake's habeas counsel made an *ore tenus* motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, asking the Court to reopen sentencing and allow him to file objections to the Presentence Investigation Report that was completed prior to Shoemake's sentencing.

**Discussion**

Because Wallace labeled the document incorrectly on the Court's electronic filing system, it was never acted upon, and an appeal was never perfected. But for Wallace's unfortunate double-click on the wrong menu item, and this Court's failure to review the actual document filed by Wallace, Shoemake would have exercised her right to appeal the judgment entered against her. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (holding "accused has the ultimate

3

authority to make certain fundamental decisions regarding the case, as whether to. . . take an appeal."). Shoemake's counsel filed a document that was labeled on its face as a "Notice of Appeal" seven days after judgment was entered in this cause. *See* Doc. #31. Counsel's attempt to appeal Shoemake's sentence, though flawed in its execution, was timely. *See* Fed. R. App. P. 4(b)(1)(A) of the Federal Rules of Appellate Procedure (defendant in a criminal case must file a notice of appeal within 14 days after the later of the entry of either the judgment or order being appealed or the government's notice of appeal).

The Court finds that two clerical mistakes, one by Wallace and one by the Court, are primarily responsible for the absence of a docketed appeal in this case. These procedural failings should not enure to the detriment of Shoemake, and the Court finds that it should reinstate the judgment and allow Shoemake an opportunity to appeal. *See, e.g.*, Fed. R. App. P. Rule 60(a) ("Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.").

To the extent that an alternative ruling is appropriate, the Court finds that due to the rare and exceptional circumstances detailed herein, Shoemake is entitled to have the one-year limitations period of § 2255 equitably tolled. *See Holland v. Florida,* 560 U.S. 631, 649 (2010);*United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008); *see also United States* v. *West,* 240 F.3d 456, 459 (5th Cir. 2001) ("Since the 1960s, our court, pursuant to a § 2255 motion, has permitted an out-of-time appeal when a defendant was denied assistance of counsel on appeal, through counsel's failure to perfect an appeal.").

Accordingly, it is **ORDERED**:

1. That habeas counsel's *ore tenus* motion for Rule 60(b) relief is **DENIED**;

2. That the Clerk is **DIRECTED** to reinstate the judgment entered in this case on April 27, 2011;

3. That once the judgment is reinstated, Shoemake's deadline to perfect a direct appeal will be reset to 14 days after the date of reinstatement;

4. That attorney Tom Levidiotis' representation of Shoemake continue through direct appeal, unless he is relieved of representation by the Fifth Circuit; and

5. That Shoemake's § 2255 motion [32] is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this the 5th day of June, 2017.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**