# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**ANGELA SHOEMAKE**                                                                     **MOVANT**

**V.**                                                                    **NO. 1:10CR123-MPM**

**UNITED STATES OF AMERICA**                                       **RESPONDENT**

## ORDER REGARDING MOTION TO CONDUCT DISCOVERY

Before the Court is Angela Shoemake's motion for leave to conduct discovery pursuant to Rule 6(a) of the Rules Governing § 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). Doc. #74. Respondent has not filed a response to the motion, and the deadline to do so has expired.

Rule 6(a) of the § 2255 Rules states that discovery may be authorized upon "good cause," which is demonstrated "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that [s]he is . . . entitled to relief." *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) (citing *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)).

The Court finds that good cause exists to allow discovery in this cause for the reasons set forth in the instant motion. Therefore, the motion [74] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

Movant's request for funds to hire an expert is **DENIED**. Movant identifies no statutory authority for the appointment of an expert to assist her in a § 2255 proceeding, and the Court finds that this request falls outside of the relief available under Rule 6.

Movant's request for leave to issue the remaining discovery requests is **GRANTED**.

Therefore, counsel for Movant is granted leave to issue a subpoena *duces tecum* to Movant's medical providers and to her former employers. Counsel for Movant is also granted leave to propound the Requests for Production identified in the instant motion.

**SO ORDERED**, this 23rd day of January, 2019.

/s/ Michael P. Mills
UNITED STATES DISTRICT COURT