IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ANGELA SHOEMAKE**                                                                       **MOVANT**
**v.**                                                              **No. 1:10-cr-00123-MPM-DAS**

**UNITED STATES OF AMERICA**                                             **RESPONDENT**

## ORDER

This cause comes before the Court on Movant Angela Shoemake's *pro se* Motion to Reduce Sentence [106] and her Second p*ro se* Motion to Reduce Sentence [108]. The Government opposed these motions [111]. The Court, having reviewed the record and having considered the applicable case law, is now prepared to rule.

## RELEVANT BACKGROUND

On October 21, 2010, Ms. Shoemake pled guilty to Count One of the Indictment—Sexual Exploitation of Children by Production of Sexually Explicit Visual or Printed Material, in violation of 18 U.S.C. § 2251(a); and Count One of an Information—Distribution of Child Pornography by Means of a Computer. For Count One of the Indictment, the sentencing guideline range was between 15 to 30 years of imprisonment and, for Count One of the Information, the sentencing guideline range was between 5 to 20 years of imprisonment. This plea was pursuant to a plea agreement with the Government, in which it would not prosecute her for Counts 2-7 of the indictment against her to reduce her maximum sentence from 210 years to 50 years. The Presentence Investigation Report ("PSR") reflects a total offense level of 43 and a criminal history category of I.

The horrific conduct Ms. Shoemake was indicted for, consisted of taking over 200 photographs of her two sons, 6 and 8 years old at the time of the photographs, in which she sexually abused them, forced them to engage in sexual conduct alone and with each other, and then sent the

1

photos online to a person named "Toby." She claims to have done this because "Toby" offered to allow her and her children to live with him in exchange. On April 26, 2011, the Court sentenced Ms. Shoemake to 600 months imprisonment. The Bureau of Prisons ("BOP") currently lists her projected release date as May 6, 2053.

On February 20, 2024, Ms. Shoemake, who has suffered from Type I diabetes since her teens, filed a *pro se* motion to reduce her sentence for extraordinary and compelling reasons pursuant to 18 U.S.C. § 3582 based on her diabetes and its associated risks. [106]. By the time she filed her second *pro se* motion [108] on July 15, 2024, she had exhausted her administrative remedies for compassionate release. She is currently held at Federal Medical Center Carswell in Ft. Worth, Texas, where, according to her medical records, her diabetes is being treated. [111].

## STANDARD OF REVIEW

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(b). The statutory framework for modifying a final judgment is outlined in 18 U.S.C. § 3582.

Section 3582(c)(1)(A)(i) of Title 18 of the United States Code permits the Court to modify a term of imprisonment once it has been imposed if it finds that (1) the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] (30) days from the receipt of such a request by the warden of the defendant's facility," (2) "extraordinary and compelling reasons warrant such a reduction," and (3) "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Additionally, the court must take into

2

consideration the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.* § 3582(c)(1)(A).

United States Sentencing Guidelines (U.S.S.G.) § 1B1.13, the applicable policy statement, states that the court has the discretion to "reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that ... extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(a)(1)(A).

Section 1B1.13(b) of the U.S.S.G. sets forth the criteria for determining what qualifies as "extraordinary and compelling reasons." These include medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, whether the defendant was a victim of abuse, other reasons, and an unusually long sentence. U.S.S.G. § 1B1.13(b).

## ANALYSIS

The parties do not dispute that Ms. Shoemake exhausted her administrative remedies. The Court therefore proceeds to the merits of Ms. Shoemake's assertions that there exist extraordinary and compelling reasons for her sentence to be reduced.

### I.  Ms. Shoemake's Medical Condition

Ms. Shoemake asserts that her medical conditions and their potential complications represent an unmanageable illness sufficient to reduce her sentence. For medical conditions to qualify as an "extraordinary and compelling reason" under § 1B1.13(b) of the U.S.S.G., a defendant must be "suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and from which the defendant "is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). This section also states that extraordinary and compelling reasons exist if: "The defendant is suffering from a terminal illness" or "is suffering from a medical condition that requires long-term or specialized

3

medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(A)-(C). The policy statement in U.S.S.G. § 1B1.13 may guide a court's discretion, but it is not a binding constraint when considering compassionate release. *United States v. Cooper*, 996 F.3d 283 (5th Cir. 2021).

Ms. Shoemake currently suffers from Type I diabetes, high blood pressure, high cholesterol, and an irregular heartbeat. None of these conditions qualify as terminal under U.S.S.G. § 1B1.13(b)(1), and nothing in her medical records indicate that her conditions are terminal. *See* U.S.S.G. § 1B1.13(b)(1)(A); [111]. Ms. Shoemake has had Type I diabetes for most of her life, but it does not appear that her current medical situation has deteriorated to the point of being terminal or that it is one that substantially diminishes her ability to provide self-care while incarcerated or from which she is not expected to recover. *See* [111] (Her treating physician indicated that her condition was "fair but not the best" and noted that he hoped she remained at that level).

Ms. Shoemake cites potential complications, risks, and reduced life expectancies associated with Type I diabetes to argue that she qualifies for a reduction in her sentence. She makes nearly no showing of an inability to treat her illness or that she actually suffers from the complications she purports to be at risk of while incarcerated. She only cites to one incident of losing consciousness due to low blood glucose levels but admits that IVs were administered, saving her life.

Type I diabetes is a long-term condition requiring care, but Ms. Shoemake's medical records indicate that she is receiving medical care and that she is not at risk of serious deterioration or death. [111]. She has even been transferred to Carswell Federal Medical Center to better monitor and treat her medical conditions. Nothing in Ms. Shoemake's motion or the record show an

4

extraordinary or compelling reason for a sentence reduction. Therefore, U.S.S.G. § 1B1.13(b)(1) is not applicable to Ms. Shoemake.

## II.     Application of the 18 U.S.C. § 3553(a) Factors

Lastly, the Court will address whether the 18 U.S.C. § 3553(a) sentencing factors warrant a reduction in sentence. Under both 18 U.S.C. § 3582(c) and U.S.S.G § 1B1.13(a), a sentence reduction may only be granted after the court has considered the factors outlined in 18 U.S.C. § 3553(a). The court must take into consideration the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ochoa*, 521 F. App'x 328, 331 (5th Cir. 2013); see also 18 U.S.C. § 3553(a). "[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Here, Ms. Shoemake was convicted for sexually abusing her two young children, taking photos of them, and sending the explicit photographs to an individual online in the hopes of obtaining the individual's protection. There were upwards of 200 photos taken by Ms. Shoemake. These are some of the worst crimes a mother can commit against her children. Her 50-year sentence reflects the seriousness of her acts and is an effective deterrent to future criminal conduct. The sentence promotes respect for the law as it provides a just punishment for her horrific offense. Additionally, continued incarceration will afford Ms. Shoemake more opportunities for

5

rehabilitation by attending classes to prevent recidivism. She is also receiving medical care in the most effective manner, as she has constant access to treatment for her diabetes.

Ms. Shoemake bears the burden of persuasion regarding compassionate release. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). She has failed to show the existence of extraordinary and compelling reasons regarding her health. Therefore, the Court, having considered the § 3553(a) factors, finds that granting Ms. Shoemake's motions for sentence reduction are inappropriate.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that Ms. Shoemake's *pro se* Motion to Reduce Sentence [106] and her Second *pro se* Motion to Reduce Sentence [108] are **DENIED**.

**SO ORDERED** this 7th day of January, 2026.

      /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI